

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/19/2018

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| MICHAEL ANDREW MCCANN, | § | Case No. 18-33152 |
| | § | |
| Debtor. | § | Chapter 7 |
| | § | |

**ORDER: (1) *SUA SPONTE* RETROACTIVELY ANNULLING THE AUTOMATIC STAY TO THE DATE OF THE FILING OF THE DEBTOR'S CHAPTER 7 PETITION; AND (2) DENYING THE DEBTOR'S EMERGENCY MOTION FOR AN ORDER TO VOID TEXAS COURT ORDERS AND PROCESSES WHICH WERE ISSUED AFTER AUTOMATIC STAY**
[Doc. Nos. 1, 21]

I.    **Procedural and Factual Background**

On June 6, 2018, the Debtor, representing himself *pro se*, filed a Chapter 7 petition (the "Petition Date"). [Doc. No. 1]. This is the Debtor's seventh bankruptcy filing since 1996, and his fifth bankruptcy filing since 2013. Thus, the Debtor has once again obtained the benefit of the automatic stay. He has initiated his more recent cases in an effort to thwart Spencer Plantation Investments Ltd. ("Spencer") from taking possession of certain real property located in Brazoria County, Texas, that the Debtor formerly owned (the "Property"). Spencer purchased the Property from the IRS on October 21, 2014, as a result of the Debtor failing to pay taxes to the IRS. The Debtor has never recognized this legitimate sale and has fought tooth and nail to thwart the IRS's attempts to sell the Property and, once the IRS sold it to Spencer, to thwart Spencer's taking possession of the Property. Attached to this *sua sponte* Order as **Exhibit A** is a copy of a pleading that Spencer filed in this Court setting forth in detail all of the Debtor's numerous attempts over the past several years to thwart the IRS and Spencer.[1]  It is no

---

[1] The footnotes in this pleading cite to specific lawsuits and bankruptcies initiated by the Debtor, and also cite rulings made by various state and federal judges.  The Court notes that: (1) this pleading was filed in an adversary

1

understatement to say that the Debtor has spent substantial time attempting to prove—unsuccessfully—that the IRS has wronged him and that Spencer has no right to the Property.

The bankruptcy cases that the Debtor has filed, with one exception, have all been dismissed due to his failure to comply with various provisions of the Bankruptcy Code and Bankruptcy Rules.[2] Attached to this *sua sponte* Order as **Exhibit B** is a chart showing the sordid history of all of the Debtor's prior bankruptcy cases. Now, in the most recent filing, the Debtor is once again taking improper actions. First, on June 20, 2018, he filed an adversary proceeding against Spencer when he had no standing to do so. [Adv. Proceeding No. 18-03168, Doc. No. 1]. The Court therefore dismissed this adversary proceeding. [Adv. Proceeding No. 18-03168, Doc. No. 16]. Second, on July 16, 2018, the Debtor filed a pleading entitled "Emergency Motion to Void Texas Court Orders and Processes Which Were Issued After Automatic Stay" (the "Motion"). [Doc. No. 21]. The Motion is fairly skeletal, but the Court construes it as containing allegations by the Debtor that state courts in Brazoria County, Texas, have violated the automatic stay with respect to the rights that the Debtor believes he has in the Property. In the last paragraph of the Motion, which this Court construes as the prayer paragraph, the Debtor requests this Court "to void any order, writ or other process that was issued in any court after June 6, 2018." [*Id.* at 2 of 2]. Indeed, the Debtor's proposed order contains the following language: "All orders, writs or processes issued in any Texas county or state court after the filing of the bankruptcy petition in this court on June 6th, 2018 are hereby declared void." [Doc. No. 21-1]. For the reasons set forth below, the Court now denies the Motion and, additionally, *sua sponte* annuls the automatic stay, retroactively to the Petition Date.

---

proceeding that the Debtor filed in this pending Chapter 7 case; and (2) the Court granted the relief requested by Spencer—which was to dismiss the adversary proceeding. [Adv. Proceeding No. 18-03168, Doc. No. 16].

[2] In the one case that was not dismissed (Case Number 04-38909), the Debtor's discharge was expressly denied under 11 U.S.C. § 727 due to his fraudulent acts. [Case. No. 04-38909, Doc. No. 55].

## II.     Applicable Law Regarding the Automatic Stay

Upon the filing of a bankruptcy petition, 11 U.S.C. § 362(a) imposes the automatic stay. 11 U.S.C. § 362(d)(1) sets forth that the stay can be terminated, annulled, modified, or conditioned "for cause." The Fifth Circuit instructs that "cause" under 11 U.S.C. § 362(d)(1) for lifting the automatic stay is "a term not defined in the statute so as to afford flexibility to the bankruptcy courts." *Little Creek Dev. Co. v. Commonwealth Mortg. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986). One of the factors that *Little Creek* sets forth that this Court may consider in evaluating "cause" are the motives of the debtor. *Id.* Further, the Fifth Circuit noted that cause to lift the stay may exist where there is a two-party dispute involving the debtor. *Id.* at 1073.

## III.    Application of the Law to the Matter at Bar

Here, such conditions exist. The Debtor is using this pending case to thwart Spencer's legitimate right to take possession of the Property. First, he improperly filed the adversary proceeding seeking a declaratory judgment that the IRS never had any ownership interest in the Property and that therefore Spencer has no right to the Property. Second, the Debtor has now improperly filed the Motion, which has caused this Court once again to spend time dealing with the Debtor's constant and illegitimate attempts to impede Spencer's efforts to take possession of the Property.

The Debtor's tactics in filing the Motion are essentially intended to intimidate the state courts of Brazoria County, Texas, from issuing orders and writs that will assist Spencer in taking possession of the Property. This Court will not allow the Debtor to abuse the bankruptcy process in this fashion. 11 U.S.C. § 105 sets forth that this Court, *sua sponte*, may take any action necessary or appropriate to prevent an abuse of the bankruptcy process. Therefore, pursuant to

its powers under 11 U.S.C. § 105(a) and in accordance with *Little Creek*, this Court finds that "cause" exists to retroactively annul the automatic stay so that any orders issued by Brazoria County courts since the Petition Date—and any actions taken by law enforcement officers to carry out those orders—are deemed **not** to have violated the automatic stay. The Court notes that it may take this action without actually giving notice to the Debtor and holding a hearing. 11 U.S.C. § 102(1)(A); *see also In re Tara Hills, Inc.*, 234 F. App'x 432, 433 (9th Cir. 2007) (internal citations omitted) ("Bankruptcy courts clearly have the authority to annul retroactively the automatic stay. The debtor contends, however, the court erred by doing so without notice and hearing. We disagree. The court entered its order sua sponte 'to eliminate any vestiges of the abuse of process' committed by the debtor's filing of a bad faith petition. Bankruptcy courts are statutorily authorized to issue orders sua sponte 'to prevent an abuse of process.'").

The Debtor has a history of using the Bankruptcy Code as both a sword and a shield: he has filed numerous petitions and benefitted from the shield of the automatic stay while failing to comply with the fundamental requirements of the Code, thereby using the process as a sword. Indeed, consistent with his misconduct in his prior cases, the Debtor has filed incomplete schedules in this pending Chapter 7 case. For example, he has scheduled his dental license from the State of Texas but failed to set forth the current value of this asset, as he is required to do. As another example, in response to Item 33 (Claims Against Third Parties) on his Schedule B, he has represented that he has a "claim to property," but fails to set forth the current value of this claim, as he is required to do. The Debtor's conduct, taken as a whole, constitutes severe abuse of the bankruptcy process, and it must now be stopped. This Court will not allow the Debtor to use the bankruptcy system to carry on his unfounded delay tactics against Spencer and his

4

attempts to intimidate the Brazoria County courts and law enforcement officers. That is why the Court issues this order.

## IV. Conclusion

Accordingly, it is:

ORDERED that the automatic stay is retroactively annulled to the Petition Date with respect to any orders and writs issued by Brazoria County courts that in any way relate to the Property; and it is further

ORDERED that any orders and writs relating in any way to the Property issued by Brazoria County courts on or after the Petition Date are deemed **not** to have violated the automatic stay; and it is further

ORDERED that any actions taken by any law enforcement officers to carry out any orders and writs relating to the Property issued by Brazoria County courts on or after the Petition Date are deemed **not** to have violated the automatic stay; and it is further

ORDERED that the Motion is denied in its entirety; and it is further

ORDERED that all relief requested by the Debtor in the Motion is denied; and it is further

ORDERED that this order is effective immediately; and it is further

ORDERED that the Clerk of Court shall send a copy of this order to the Debtor at the following address: P.O. Box 66, Brazoria, Texas 77422.

Signed on this 19th day of July, 2018.

_____
Jeff Bohm
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ANDREW McCANN, | § | CASE NO. 18-33152-H4-7 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | | |
| MICHAEL ANDREW McCANN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | ADV. P. NO. 18-3168 |
| | § | |
| SPENCER PLANTATION INVESTMENTS, LTD., | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S EMERGENCY MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(b)(1) AND (6)**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED UPON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQEUSTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**



EXHIBIT No. A

TO THE HONORABLE JEFF BOHM, U.S. BANKRUPTCY JUDGE:

COMES NOW, SPENCER PLANTATION INVESTMENTS, LTD. (the "Defendant"), and makes this Defendant's Emergency Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and (6), as incorporated by Fed. R. Bankr. P. 7012, and would show the Court as follows:

I.

### Jurisdiction and Constitutional Authority

1. The Defendant has no standing to bring the claims in the adversary, and therefore, this Court has no jurisdiction over the subject matter. The Court does have jurisdiction to determine its own jurisdiction though.

2. This is not a core proceeding. This Court does not have the Constitutional authority to enter a final judgment in this adversary proceeding, and the Defendant does not consent to entry of a final judgment. This Court should make recommended findings of fact and conclusions of law to the district court regarding any final order or judgment.

II.

### Relief Requested

3. The Defendant asks this Court to dismiss this adversary proceeding for want of jurisdiction and for failure to state a claim upon which relief may be granted.

III.

### Background Facts

4. The Debtor is a serial filer in the bankruptcy courts. In his first bankruptcy filed in 2004, the Debtor was denied a discharge under section 727 for having failed to disclose assets and having engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1961, *et seq. Huntington National Bank v. McCann*, C.A. No. 06-cv-872 (opinion filed in Case No. 04-38909

at Doc. No. 55), *Aff'd*, *Huntington National Bank v. McCann*, Case No. 06-20488 (5th Cir. 3/7/08)(opinion filed in C.A. No. 06-cv-872 at Doc. No. 70). The Debtor has littered the state court system with frivolous lawsuits and has been held to be a vexatious litigant in the state court system. All of the Debtor's litigation and bankruptcy abuse centers around one issue – the Debtor's refusal to pay his federal income taxes. The Debtor failed to pay in excess of $2.6 million in federal income taxes and did not want to suffer the consequences of that failure to pay his taxes. As a result, the Debtor abused the litigation and bankruptcy processes to slow the seizure of the real property at issue in this adversary for years[1], abused the litigation and bankruptcy processes in challenging the Defendant's ownership of the real property rightfully acquired at the IRS' sale of the property[2], abused the litigation and bankruptcy processes in

---

[1] The IRS' initial public sale of the Property was set to occur on February 5, 2013. On February 4, 2013, the Debtor filed Case No. 13-30609-H4-13 (the "2013-1 Case") pro se, acting as a stay of the tax sale. On April 22, 2013, this Court entered an order dismissing the 2013-1 Case. The Debtor appealed the dismissal order to the District Court. On December 6, 2013, Judge Lynn Hughes entered an order dismissing the Debtor's appeal.

On July 26, 2013, while the appeal of the dismissal order in the 2013-1 Case was still pending, the Debtor filed Case No. 13-34513-H4-13 (the "2013-2 Case") pro se. In that case, the Debtor filed a "Motion for Adversary Hearing" against the Internal Revenue Service (Doc. No. 20). This Court denied that motion, because the Debtor failed to file an adversary proceeding. On September 10, 2013, this Court entered an order dismissing the 2013-2 Case.

On November 12, 2013, again while the appeal of the dismissal order in the 2013-1 Case was still pending, the Debtor filed Case No. 13-80466-H4-7 (the "2013-3 Case") pro se. On January 2, 2014, this Court entered an order dismissing that case for failure to take the required credit counseling course.

The IRS rescheduled and renoticed the tax sale for March 10, 2014.

On March 5, 2014, the Debtor filed two Chapter 7 bankruptcy petitions the same day, pro se – one in the Galveston Division Case No. 14-80094-G3-7 (the "2014-1 Case") and one in the Houston Division Case No. 14-31348-H4-7 (the "2014-2 Case"). On March 10, 2014, this Court entered an order transferring the 2014-2 Case to Judge Paul to be administered with the 2014-1 Case. On March 11, 2014, Judge Paul entered an order granting the IRS' motion for confirmation that the automatic stay was not in effect (thus did not impact the IRS' sale of the Property on March 10, 2014 to the Defendant). On August 18, 2014, Judge Paul entered an order dismissing the 2014-1 Case. The Debtor appealed that order, and on September 28, 2015, Judge Lynn Hughes issued an opinion affirming the dismissal order, pointing out the Debtor's six bankruptcy cases all dismissed for deficiencies.

The Debtor had also, during these time periods, filed numerous cases in Tax Court, all of which were dismissed.

[2] On December 22, 2014, the Debtor filed a petition in state district court, the 23rd Judicial District, Brazoria County, Texas (Cause No. 79855-CV) pro se, seeking to quiet title to the Property (the "Quiet Title Suit"). The Debtor named both the IRS and the Defendant to that suit. On January 20, 2015, the IRS removed the Quiet Title

3

challenging the Defendant's right to possession of the property[3], and now as a last resort seeks to abuse the bankruptcy process one last time to stop execution of the state court's judgment of possession in favor of the Defendant.[4]

5. Yet despite all of the Debtor's horrifically sanctionable conduct over the years, the Defendant begs this Court to focus on the few central factual and legal issues salient to this

---

Suit to the United States District Court, Southern District of Texas, Houston Division under C.A. 15-cv-162 (the "Removed Quiet Title Suit"). The IRS filed a motion to dismiss the claims against it, and on July 23, 2015, the Judge Gilmore entered an order dismissing the Debtor's claims against the IRS and remanding the case against the Defendant back to the Brazoria County District Court. The Debtor moved for reconsideration of Judge Gilmore's order, which was denied. The Debtor then appealed the dismissal order to the Fifth Circuit Court of Appeals, which eventually dismissed the Debtor's appeal for his failure to pay a court ordered sanction.

The Defendant filed a motion for summary judgment in the state district court after remand, and on January 25, 2016, the state district judge entered a summary judgment against the Debtor and in favor of the Defendant dismissing the Debtor's claims and ordering that the Debtor's lis pendens be removed from the real property records.

The Debtor appealed the final summary judgment to the Houston Court of Appeals, First District. On February 28, 2017, the First Court of Appeals affirmed the trial court. In its opinion, the Court of Appeals held "We conclude that Spencer met its burden to disprove an essential element of McCann's suit to quiet title by establishing that its claim to the property is valid." *McCann v. Spencer Plantation Investments, Ltd.*, 2017 Tex. App. LEXIS 1683 *12, 2017 WL 769895 (Tex. App. – [1st Dist.] 2/28/17, pet. denied). The Debtor moved for rehearing, which the Court of Appeals denied. The Debtor filed a petition for review with the Texas Supreme Court, which the Supreme Court denied. On December 15, 2017, the Texas Supreme Court denied the Defendant's motion for rehearing, exhausting all appeals of the Quiet Title Suit.

[3] After obtaining the Quitclaim Deed to the Property from the IRS, the Defendant filed a forcible entry and detainer lawsuit in the Justice of the Peace Court in Brazoria County, Texas to gain possession of the Property from the Debtor. On December 29, 2014, the Justice of Peace Court entered a judgment of possession in favor of the Defendant. The Debtor appealed that judgment to the County Court at Law No. 1 of Brazoria County, Texas in Cause No. CI52465 (the "Eviction Suit") pro se on the grounds that he was the "rightful owner" of the Property. On April 8, 2016, after a nonjury trial on the merits, the County Court at Law ruled in favor of the Defendant, but held entry of judgment in abeyance until all appeals of the Quiet Title Suit were exhausted.

On January 11, 2018, after the Quiet Title Suit's appeals were final, the Defendant moved for entry of final judgment in the Eviction Suit. On February 7, 2018, the Debtor removed pro se the Eviction Suit to the United States District Court for the Southern District of Texas, Galveston Division in C.A. No. 18-cv-0033. On April 24, 2018, District Judge Hanks entered an order remanding the case back to the Brazoria County, County Court at Law No. 1. On June 1, 2018, the County Court entered its final judgment of possession and for damages in favor of the Defendant. On June 11, 2018, the County Court entered an amended final judgment. The Debtor has filed a Notice of Appeal of that final judgment of possession. On June 13, 2018, the Brazoria County Clerk issued a writ of possession, and on June 28, 2018, the Brazoria County Constable's Office executed on that writ of possession.

[4] On May 16, 2018, the Debtor filed yet another lawsuit against the Defendant in the 239th Judicial District Court of Brazoria County, Texas pro se making ownership claims based on the same arguments that he has raised and lost in all of the other litigation.

4

adversary, listed below. The Debtor does not provide all of the detail of the central facts, but he admits to them generally.

    a. The IRS assessed federal income taxes against the Debtor of some $2.6 million for tax years 1996 – 1999, 2003, 2004, and 2006.

    b. The Debtor failed and refused to pay the federal income taxes assessed against him.

    c. In October of 2012, the IRS exercised its collection rights under 26 U.S.C. § 6331 to levy on and seize the real property at issue.

    d. In March of 2014, after years of legal battles with the Debtor, the IRS was able to conduct the sale of the real property, and it was sold to the Defendant.

    e. After four years of frivolous litigation by the Debtor challenging the Defendant's ownership and possession of the property, resulting in a reported opinion by the Texas Court of Appeals (petition denied by the Texas Supreme Court) holding that the Defendant rightfully owns the property, the Defendant finally obtained a judgment of possession and writ of possession to the property.

6. The Debtor's adversary complaint raises only three causes of action – conversion, violation of the 8th Amendment to the U.S. Constitution, and a request to vacate the Defendant's deed to the property. Based on these causes of action, the Debtor has asked this Court to enter a temporary injunction against the Defendant's exercise of the writ of possession.

## IV.

## Why the Relief Should be Granted

### A. The Complaint Fails to State a Claim Upon Which Relief May Be Granted.

7. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) made applicable by Fed. R. Bankr. P. 7012. A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to lend sufficient facts to support a cognizable legal claim. *See, e.g., SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and into the "realm of plausible liability." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.5 (2007); *see also Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

8. In *Twombly*, the Supreme Court recognized that Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555; *see* Fed. R. Civ. P. 8(a)(2). To meet this rule, the Supreme Court requires well-plead facts such that these facts allow the court to infer more than the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1); Fed. R. Bankr. P. 7008(a).

9. Although a plaintiff is not required to include "detailed factual allegations" in a complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Rule 8...demands more than an unadorned, the-defendant-unlawfully-

6

harmed-me accusation."). *Twombly*, 550 U.S. at 555. Thus, a "formulaic recitation of the elements of a cause of action will not do." Nor may a complaint merely offer "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Rather, to overcome a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal* at 1949. A claim has "factual plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant acted unlawfully and requires "more than the sheer possibility that a defendant has acted unlawfully." *Id.* When the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

10. In assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, the Supreme Court in *Iqbal* established a two-step approach. First, a court should identify and disregard conclusory allegations in the complaint because they are "not entitled to the assumption of truth." *Id.* Second, a court should consider the well-pleaded factual allegations in the complaint to "determine whether they plausibly give rise to an entitlement to relief." *Id.*

11. In this case, the only specific facts that the Debtor has pleaded are: (a) in 2012 the Debtor obtained title to the property by warranty deed, (b) on March 10, 2014, the IRS held a tax sale of the Debtor's property, (c) the Defendant purchased the property at the IRS' tax sale and obtained title to the property by quitclaim deed from the IRS, (d) the IRS' deed to the property was executed by the authority granted to it under section 6338 of the Internal Revenue Code, (e) Defendant has been issued a writ of possession from the courts of Brazoria County, Texas, and (f) the Defendant "continues to press the courts to convert Plaintiff's private property for its own

7

use." All of Debtor's other allegations in his complaint are conclusory allegations that this Court should not consider.

### i. Vacating a Deed is Not a Cause of Action.

12. This Court should dismiss the Debtor's claim to "vacate Defendant's quitclaim deed." The Debtor's request that the Court vacate the Defendant's quitclaim deed is not a cause of action, but a remedy that must flow from a cause of action. The Debtor's only other causes of action pleaded are conversion and violation of the 8th Amendment, neither of which carry a remedy of vacating a deed. This is simply not a cognizable cause of action under Texas law.

13. Even if vacating a deed were a cause of action recognized under Texas law, there are no specific facts pleaded that would support this claim. In fact, from the facts pleaded in the complaint, there is no cause to vacate the deed. The Debtor expressly pleads and admits that the deed was executed under section 6338 of the Internal Revenue Code, which section grants the IRS authority to issue a deed following a seizure and sale of property under section 6331. The fact that the IRS is not in the "chain of title" is wholly irrelevant if the deed was from a tax sale under section 6331. This Court should dismiss this claim.

### ii. Complaint Fails to Plead Facts to Support Conversion.

14. This Court should dismiss the Debtor's conversion claim. Conversion is a common law cause of action under Texas law. To allege conversion, a plaintiff must allege facts that show that the defendant is wrongfully exercising dominion and control over another's property in denial of or inconsistent with his rights. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex. 1971). The elements of conversion are: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant assumed and exercised dominion

and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused the plaintiff's demand for return of the property. *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex. App. – Houston [14th Dist.] 2001, no pet.); See also *Freezia v. IS Storage Venture, LLC*, 474 S.W.3d 379, 386 – 87 (Tex. App. – Houston [14th Dist.] 2015, no pet.).

15. The Debtor has not alleged sufficiently specific facts to show that he owned the property, had legal possession of the property, or was entitled to possession of the property. In fact, the Debtor's allegations plead him out of conversion on the face of the complaint. The Debtor admits that the Defendant, by way of quitclaim deed, holds whatever title the Debtor had at the time of the quitclaim deed. Further, the Debtor admits that the quitclaim deed was the result of a tax sale by the IRS under the Internal Revenue Code. Finally, the Debtor admits that the Defendant has been issued a writ of possession by the Brazoria County, Texas court. These facts show that the Debtor does not own the property, does not have legal possession of the property, and is not entitled to possession of the property. The Defendant's possession is the result of execution by a County Constable of a writ of possession, which by its nature is a lawful possession. The Debtor's complaint fails to state a claim of conversion and should be dismissed.

### iii. Claim Under 8th Amendment is Not Cognizable Claim.

16. This Court should dismiss the Debtor's claim for violation of the Eighth Amendment. In addition to having already been rejected by the First Court of Appeals in the Debtor's appeal of the Quiet Title Case, the claim is not a cognizable claim. The Eighth Amendment's prohibition of cruel and unusual punishments "was proscribing 'tortures' and other 'barbarous' methods of punishment." *Gregg v. Georgia*, 428 U.S. 153, 170, 96 S. Ct. 2909 (1976). This

means, at least, that the punishment not be "excessive" or "must not be grossly out of proportion to the severity of the crime." *Id.* at 173. There is no excessive punishment or criminal sanctions involved in this matter. Further, there is no private cause of action under the Eighth Amendment. A plaintiff must allege a claim under section 1983 for a private cause of action under the Eighth Amendment. Although the Debtor has not alleged a claim under section 1983, there would be no set of facts that the Debtor could allege that could possibly state a claim against Defendant under 42 U.S.C. § 1983. A plaintiff must allege two elements to make a claim under section 1983: (1) a right that is secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). The Debtor does not meet either element in his complaint. Regardless of Defendant's alleged violation, Defendant's conduct does not constitute actions "under color of state law" since they are not "fairly attributable to the State." *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S. Ct. 2744 (1982). "Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar*, 457 U.S. at 936. In other words, the Debtor's alleged deprivation of rights are "protected only against infringement by governments," not against private companies. *Id.* Here, the Defendant is a private company and thus not a state actor.

17. The Debtor is free to bring a claim against the IRS under section 1983 for a violation of the Eighth Amendment, but he cannot bring such a claim against the Defendant. The claim is not a cognizable claim against the Defendant and it should be dismissed.

  **iv.** **Complaint Fails to State a Claim Upon Which Injunctive Relief May be Granted.**

18. This Court should dismiss the Debtor's equitable claim for an injunction, whether preliminary or permanent. There are four necessary prerequisites for the "extraordinary remedy" of a preliminary injunction. *See Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 536 (5th Cir. 2013). To prevail, the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied, and that there is no adequate remedy at law, such as monetary damages; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Texans for Free Enter.*, 732 F.3d at 536; *PCI Transp. Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005); *Women's Med Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (internal citation omitted); *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The denial of a preliminary injunction will be upheld where the movant has failed to establish *any one* of the four criteria. *See Black Fire Fighters Ass'n v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original); *see also PCI Transp.*, 418 F.3d at 545 (a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements); *Bluefield Water Ass'n Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). The movant has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction. *PCI Transp.*, at 546. The party seeking relief must satisfy a cumulative

burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark v. Prichard,*, 812 F.2d 991, 993 (5th Cir. 1987).

19. The Debtor has not pleaded sufficient facts to show a substantial likelihood of success on the merits of his underlying claims. There is absolutely no allegation in the complaint that the Debtor will suffer irreparable injury if the injunction is denied or that he has no adequate remedy at law such as monetary damages. The Debtor has not alleged that execution of the writ of possession outweighs the damages that the injunction might cause the Defendant. Finally, the Debtor has not alleged that the injunction will not disserve the public interest. Without allegations to support the elements of a preliminary injunction, and without allegations to support the underlying causes of action, this Court must dismiss the Debtor's claim for injunctive relief.

### B. The Court Should Dismiss the Adversary Under Fed. R. Civ. P. 12(b)(1) for Want of Jurisdiction.

20. This Court should dismiss the Debtor's claims for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), because the Debtor has no standing to bring these claims. "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S. Ct. 596 (1990) (citation omitted). Standing cannot be inferred from statements made in the pleadings, but must affirmatively appear in the record. *Id.* The party seeking to invoke jurisdiction bears the burden of clearly alleging facts demonstrating that he is the proper party to invoke a judicial resolution of the dispute. *Id.*

21. In this case, the Debtor does not have standing to bring the claims in the complaint against the Defendant. The Debtor's claims seek to protect rights that the Debtor is claiming in certain non-exempt real property he contends that he had an interest in prior to filing the Chapter

12

7 case. Under section 541(a), any rights that the Debtor may have had in the real property at issue became property of the estate. Of course, the Defendant contends that the Debtor had no rights in the property at issue on the petition date, but even if the Debtor had some right, that right now belongs to Randy Williams, the Chapter 7 Trustee of the Debtor's estate. Only Mr. Williams has standing to bring the claims that the Debtor has brought in the adversary. Without standing, there is no jurisdiction. This Court should dismiss this adversary proceeding under Rule 12(b)(1).

WHEREFORE, PREMISES CONSIDERED, the Defendant, SPENCER PLANTATION INVESTMENTS, LTD., respectfully requests that this Court grant this motion and dismiss the adversary proceeding with prejudice.

Respectfully submitted,

WAUSON ♦ PROBUS

By: /s/ Matthew B. Probus
**Matthew B. Probus**
TBA# 16341200
Fed. I.D. # 10915
mbprobus@w-plaw.com

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 telephone
(281) 242-0306 facsimile

*ATTORNEYS FOR DEFENDANT,*
*SPENCER PLANTATION INVESTMENTS, LTD.*

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on the plaintiff, Michael Andrew McCann, at P.O. Box 66, Brazoria, Texas 77422, via United States first class regular mail, postage prepaid, on this 2nd day of July, 2018.

/s/ Matthew B. Probus
Matthew B. Probus

# EXHIBIT B

| Date of Filing | Case Number | Type of Case | Date of Dismissal Order | Reasons for Dismissal |
|---|---|---|---|---|
| Mar. 6, 1996 | 96-42034 | Chapter 13 | June 10, 1997 | Failure to make payments to the Trustee |
| June 25, 2004 | 04-38909 | Chapter 7 | n/a | Debtor's discharge was denied |
| Feb. 4, 2013 | 13-30609 | Chapter 13 | Apr. 22, 2013 | Failure to make payments to Trustee; failure to attend meeting of creditors; failure to file tax returns; failure to file plan; failure to file FICA and FUTA returns |
| July 26, 2013 | 13-34513 | Chapter 13 | Sept. 10, 2013 | Failure to file required documents |
| Nov. 12, 2013 | 13-80466 | Chapter 7 | Jan. 2, 2014 | Failure to take required credit counseling course |
| Mar. 5, 2014 | 14-31348 (subsequently assigned number 14-80094) | Chapter 7 | Aug. 18, 2014 | Failure to file a creditor mailing matrix |