IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ANDREW MCCANN, | § | CASE NO. 18-33152-H4-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

**EMERGENCY MOTION OF CHAPTER 7 TRUSTEE TO APPROVE SALE OF LIVESTOCK FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF IS REQUESTED AS SOON AS POSSIBLE.  ESTIMATED TIME FOR HEARING: 30 MINUTES.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Chapter 7 Trustee Randy W. Williams ("Trustee") presents his Emergency Motion to Approve Sale of Livestock Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363 (the "Motion") and hereby moves this Court to enter an Order authorizing him

to sell all of the right, title, and interest in certain livestock to Justin Kalinowski on the terms and conditions set forth below, and would respectfully show the Court as follows:

## BASIS FOR EMERGENCY RELIEF

1. Emergency relief is requested because the estate lacks funds to purchase feed and to pay for veterinary care and labor to feed and water the livestock.  In addition, the livestock is on property that the Debtor does not own nor have a lease.  While the Debtor has a friend, a gentleman said to be over 80 years old, who checks on the livestock, the Trustee believes that the current situation potentially jeopardizes the health of the livestock, as they are susceptible to potential malnutrition, sickness and/or death. At risk are approximately 72 animals that are considered livestock, approximately 54 head of cattle, including calves, 16 paint horses, including foals and 2 donkeys.  The Trustee believes that it is crucial to the livestock's welfare and the bankruptcy estate that the livestock be sold as soon as possible. In order to preserve the health of the livestock and their value to the bankruptcy estate and creditors, this Motion must be resolved as soon as possible. Accordingly, the Trustee requests that the Court consider the Motion on an emergency basis.

2. The date relief is needed to avoid the consequences of the emergency is as soon as possible.  There is good cause to warrant an emergency hearing on the Motion. Likewise, there will be no prejudice to the creditors by holding an emergency hearing.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

5. The Court has constitutional authority to enter a final order with respect to this Motion. The sale of property of the estate under 11 U.S.C. § 363(b) has no equivalent in state law,

thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. See *In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, the sale of estate property outside the ordinary course of business is an essential bankruptcy matter which triggers the "public rights" exception. See *Id.* Trustee consents to the constitutional authority of this Court to enter a final order regarding the proposed sale.

## BACKGROUND

6. On June 6, 2018, Michael Andrew McCann ("Debtor") filed the above-captioned Chapter 7 bankruptcy case.

7. On June 7, 2018, Trustee was appointed as the Chapter 7 Trustee in this case.

8. On the Petition Date, Debtor owned approximately Fifty-Four (54) head of cattle; sixteen (16) horses; and two (2) donkeys (collectively the "Livestock"). The Livestock are currently located on property that the Debtor does not own and has been evicted from. The Trustee is unaware of any liens on the Livestock.

9. Trustee reviewed the Schedules, Statement of Financial Affairs, and other information provided by the Debtor and examined the Livestock in person, and determined that there are insufficient funds on hand to care for the Livestock, such as the purchase of feed, labor to tend to the Livestock, veterinary expenses, and rental charges for land to house the Livestock. As a result, Trustee is unable to meet the financial obligations to feed, water, and otherwise care for the Livestock, and the value of the Livestock is at risk of declining due to the endangerment of their health and well-being.

10. The Trustee engaged in efforts to obtain offers to move and auction the Livestock or purchase the Livestock on the most favorable terms available for the benefit of the estate. As a result of such efforts, Justin Kalinowski ("Purchaser") made an offer to purchase the Livestock "as

is" without any warranties or representations as to their condition. The terms and condition of the offer are as follows: (i) Purchaser shall tender payment of cash in the amount of $26,250.00 to the Chapter 7 Trustee; (ii) Purchaser will accept the Livestock "as is" without any warranties or representations as to their condition; and (iii) Purchaser shall be responsible the care of the Livestock upon entry of an order approving the sale and shall also be responsible for rounding up and transporting the Livestock from their current location within five (5) days of entry of such order.

11. The Debtor valued the cattle, horses and poultry on his schedules at $10,000. The Livestock is non exempt property of the estate. The Trustee received a tentative offer to move the cattle to an auction barn for sale, but the horses cannot be sold through an auction barn without a current negative "Coggins" test which again the estate does not have the money to pay for. The Trustee contacted the Brazoria County SPCA and was informed that they no longer do large animal rescue and that there is no large animal rescue in Brazoria County, alternative arrangements have to be made with private rescue groups. The Trustee requested proposals from a least five other parties, some of whom representatives of the landowner met with at the property so they could inspect the animals; however, no other firm offers or proposals were made that would address all of the Livestock.

**RELIEF REQUESTED**

12. Trustee requests permission to sell the Livestock to Purchaser free and clear of liens for the sum of $26,250.00, with any interest that existing lienholders, if any, have in the Livestock attaching to the proceeds of sale. Title to the Livestock and responsibility for their care and removal and transportation from their current location will be transferred to Purchaser immediately upon entry of the order approving the sale.

## AUTHORITY FOR REQUESTED RELIEF

13. The Bankruptcy Code provides the authority for the Trustee to sell the personal property of the Debtor free and clear of all liens, claims, encumbrances and interests. Section 363(b)(1) of the Bankruptcy Code provides that the Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. Moreover, Section 363(f) of the Bankruptcy Code states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

14. A sale of estate property outside of the ordinary course of business may be allowed, but the Trustee must articulate a sound business reason for the sale and show that the sale is in the best interest of the estate (*i.e.*, that it is fair and reasonable), that the sale has been negotiated and proposed in good faith, and the sale is an arms-length transaction. See, *e.g.*, In re Continental Airlines, Inc., 780 F.2d 1223, 1225 (5th Cir. 1986).

15. The Trustee believes the offer is fair and reasonable, at or near the market price for such Livestock under the circumstances, and is seeking permission to sell the Livestock free and clear of all claims and interests.  It is in the best interest of the Debtor and the creditors of this bankruptcy estate that the Livestock be sold immediately to Purchaser on the terms and conditions set forth herein with any liens attaching to the proceeds in the priority that they would have had if the Livestock had not been sold.

16. The sale is being made in good faith, to a third party unaffiliated purchaser, as the result of an arms-length transaction. The sale of the Livestock will benefit the estate in that the net proceeds received will be used to pay claims and no further expenses will be incurred by the estate for care of the Livestock. The Trustee and the estate retain all rights under Section 506(c) of the Code. Trustee believes that the sales price is the best price obtainable.

## WAIVER OF STAY ORDER

17. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Livestock.

## PRAYER

WHEREFORE, Trustee respectfully requests that this Court grant the Trustee's request to consider the Motion on an emergency basis and set the Motion for hearing as soon as possible, enter an order pursuant to 11 U.S.C. §363(f) authorizing him to sell all of the Livestock set forth in this Motion to Justin Kalinowski, on the terms and conditions set forth in the offer, free and clear of all liens, with the liens of all parties claiming liens on the Livestock to attach to the proceeds thereof, and for such other relief as may be fair and equitable.

Respectfully submitted,

**COKINOS | YOUNG**

By:/s/   Misty   A.   Segura
CRAIG E. POWER
Federal Bar No. 3868
Bar No. 16210500
cpower@cokinoslaw.com
MISTY A. SEGURA
Federal Bar No. 30751
Bar No. 24033174
msegura@cokinoslaw.com
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500
Fax:  (713) 535-5533

**PROPOSED COUNSEL FOR CHAPTER 7 TRUSTEE, RANDY W. WILLIAMS**

OF COUNSEL:
COKINOS | YOUNG
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500

## VERIFICATION

The factual statements contained in paragraphs 1 – 2 are true and correct within my own personal knowledge. In my opinion, a genuine emergency exists that requires consideration of this matter to avoid damage and a potential hardship on the bankruptcy estate.  I certify under penalty of perjury that the foregoing is true and correct.

/s/ Randy W. Williams
RANDY W. WILLIAMS

## CERTIFICATE OF CONFERENCE

I hereby certify that, on July 31, 2018, I conferred with Matthew Probus, counsel for Spencer Plantation Investments, Ltd., regarding the relief requested in this Emergency Motion. Mr. Probus advised that his client is unopposed to the request for emergency consideration and the underlying relief requested in this Emergency Motion.

/s/ *Misty A. Segura*
MISTY A. SEGURA

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing document were served on August 1, 2018 by electronic filing to all users registered to receive ECF notices in this case, and was also served via First Class U.S. Mail on the Debtor, the US Trustee, and the parties listed below:

Michael Andrew McCann
P.O. Box 66
Brazoria, Texas 77422
*Debtor*

Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

Matthew Brian Probus
Wauson Probus
One Sugar Creek Ctr. Blvd., Ste. 880
Sugar Land, Texas 77478
*Counsel for Spencer Plantation Investments, Ltd.*

John David Crouch
7660 County Road 684C
Sweeny, Texas 77480

Jerry M. Russell
P.O. Box 199
Brazoria, Texas 77422

Verizon Wireless
P.O. Box 291089
Columbia, South Carolina 29229

Steve Millican
5413 Santa Marie
Fort Worth, Texas 76114

/s/ *Misty A. Segura*____
MISTY A. SEGURA

G:\WPDOCS\Randy Williams- McCann\rwwmas Emergency Motion to Approve Sale of Livestock - McCann (FINAL).docx