IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ANDREW MCCANN, | § | CASE NO. 18-33152-H4-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

**MOTION OF CHAPTER 7 TRUSTEE TO APPROVE SALE OF EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Chapter 7 Trustee Randy W. Williams ("Trustee") presents his Motion to Approve Sale of Equipment Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363 (the "Motion") and hereby moves this Court to enter an Order authorizing him to sell all of the right, title, and interest in certain equipment to Justin Kalinowski on the terms and conditions set forth below, and would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. The Court has constitutional authority to enter a final order with respect to this Motion. The sale of property of the estate under 11 U.S.C. § 363(b) has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable. See *In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)). In the alternative, the sale of estate property outside the ordinary course of business is an essential bankruptcy matter which triggers the "public rights" exception. See *Id.* Trustee consents to the constitutional authority of this Court to enter a final order regarding the proposed sale.

## BACKGROUND

4. On June 6, 2018, Michael Andrew McCann ("Debtor") filed the above-captioned Chapter 7 bankruptcy case.

5. On June 7, 2018, Trustee was appointed as the Chapter 7 Trustee in this case.

6. Trustee has discovered that, on the Petition Date, Debtor owned the following pieces of equipment: bulk feeder; post hole digger; brown shredder; yellow shredder; yellow bale spear; bale mover; box blade; and one 28' flat deck trailer (VIN # 44CPG332X5TC32331; Texas License Plate # 827BRP) (collectively the "Equipment"). The Equipment is currently located on property that the Debtor does not own. The Debtor was ordered to remove the property but filed bankruptcy. The landowner has agreed to allow the Trustee time to try and find a buyer. The Trustee is unaware of any liens on the Equipment.

7. Trustee reviewed the Schedules, Statement of Financial Affairs, and other information provided by the Debtor and examined the Equipment in person, and determined that

it is in the best interest of the estate and its creditors to sell the Equipment. The Equipment is currently located on the property owned by Spencer Plantation Investments, Ltd. and needs to be removed from the property. The estate does not have sufficient funds to remove and transport the Equipment from the property, store the Equipment at an alternative location, and pay maintenance expenses for the Equipment, especially given the condition and low value of the Equipment.

8. Trustee engaged in efforts to obtain offers to move and auction the Equipment or purchase the Equipment on the most favorable terms available for the benefit of the estate. The Trustee contacted Webster's Auction Palace but because of the remote location and condition of the items, they did not believe an on-site auction was viable/cost effective. Webster's Auction Palace also advised that the costs of moving the equipment to another location would not be cost effective. The Trustee attempted to contact local Brazoria County FFA/4H groups to see if they would have any interest in having the items donated but has received no reply.

9. In addition to the items identified by the buyer, there are non-operating vehicles (truck, car, and tractors), an RV type trailer, livestock trailer, and many smaller farm/ranch implements for maintaining the property and animals. The Debtor informed the Trustee that he does not own all of the items, but has never identified which items he owns versus which he does not. The Trustee informed the Debtor that if there were other owners they should be listed in his statement of financial affairs, and he should notify them to provide proof of ownership to the Trustee so that he could work with them to remove any items. No one has contacted the Trustee about ownership of any of the items detailed herein or any of the other property.

10. The proposed buyer is Justin Kalinowski ("Purchaser"). The Purchaser also bought the estate's livestock. The Purchaser saw the items when he inspected the livestock and then when he removed the livestock. The Purchaser asked if he could buy some of the items, and the Trustee

encouraged him to make an offer. The Purchaser and Trustee exchanged offers. The Purchaser made an offer to purchase the Equipment "as is" without any warranties or representations as to its condition.

11. The terms and conditions of the offer are as follows: (i) Purchaser shall tender payment of cash in the amount of $2,550.00 to the Chapter 7 Trustee; (ii) Purchaser will accept the Equipment "as is" without any warranties or representations as to its condition; and (iii) Purchaser shall be responsible for the removal and transportation of the Equipment from its current location within (10) days of entry of an order approving the sale.

12. The Debtor failed to disclose in his Schedules that he owned any trailer, having checked neither "Yes" nor "No" and instead stating "N/A" in response to Item 4 of Schedule A/B. Regarding his ownership interest in any farm "equipment, implements, machinery, fixtures, and tools of trade," Debtor checked the box for "No" in response to Item 49 of Schedule A/B. No exemptions were claimed for the Equipment. The undisclosed Equipment is nonexempt property of the estate.

## RELIEF REQUESTED

13. Trustee requests permission to sell the Equipment to Purchaser free and clear of liens for the sum of $2,550.00, with any interest that existing lienholders, if any, have in the Equipment attaching to the proceeds of sale. Title to the Equipment and responsibility for its removal and transportation from its current location will be transferred to Purchaser immediately upon entry of the order approving the sale.

## AUTHORITY FOR REQUESTED RELIEF

14. The Bankruptcy Code provides the authority for the Trustee to sell the personal property of the Debtor free and clear of all liens, claims, encumbrances, and interests. Section

363(b)(1) of the Bankruptcy Code provides that the Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. Moreover, Section 363(f) of the Bankruptcy Code states that the Trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

15. A sale of estate property outside of the ordinary course of business may be allowed, but the Trustee must articulate a sound business reason for the sale and show that the sale is in the best interest of the estate (*i.e.*, that it is fair and reasonable), that the sale has been negotiated and proposed in good faith, and the sale is an arms-length transaction. See, *e.g.*, *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1225 (5th Cir. 1986).

16. The Trustee believes the offer is fair and reasonable, at or near the market price for the Equipment under the circumstances, and is seeking permission to sell the Equipment free and clear of all claims and interests. It is in the best interest of the estate and the creditors of this bankruptcy estate that the Equipment be sold immediately to Purchaser on the terms and conditions set forth herein with any liens attaching to the proceeds in the priority that they would have had if the Equipment had not been sold.

17. The sale is being made in good faith, to a third party unaffiliated purchaser, as the result of an arms-length transaction. The sale of the Equipment will benefit the estate in that the net proceeds received will be used to pay claims and no further expenses will be incurred by the

estate for removal, transportation, storage and maintenance of the Equipment. The Trustee and the estate retain all rights under Section 506(c) of the Code. Trustee believes that the sales price is the best price obtainable.

### WAIVER OF STAY ORDER

18. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Equipment.

### PRAYER

WHEREFORE, Trustee respectfully requests that this Court grant the Trustee's Motion, enter an order pursuant to 11 U.S.C. §363(f) authorizing him to sell all of the Equipment set forth in this Motion to Justin Kalinowski, on the terms and conditions set forth in the offer, free and clear of all liens, with the liens of all parties claiming liens on the Equipment to attach to the proceeds thereof, and for such other relief as may be fair and equitable.

Respectfully submitted,

**COKINOS | YOUNG**

By:/s/ Misty A. Segura
    CRAIG E. POWER
    Federal Bar No. 3868
    Bar No. 16210500
    cpower@cokinoslaw.com
    MISTY A. SEGURA
    Federal Bar No. 30751
    Bar No. 24033174
    msegura@cokinoslaw.com
    Four Houston Center
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010-3039
    (713) 535-5500
    Fax: (713) 535-5533

**PROPOSED COUNSEL FOR CHAPTER 7 TRUSTEE, RANDY W. WILLIAMS**

OF COUNSEL:
COKINOS | YOUNG
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500

## CERTIFICATE OF CONFERENCE

    I hereby certify that, on September 9, 2018, I conferred with Matthew Probus, counsel for Spencer Plantation Investments, Ltd., regarding the relief requested in this Motion. Mr. Probus advised that his client would have no objection to the relief requested in this Motion.

                           /s/ *Misty A. Segura*
                           MISTY A. SEGURA

## CERTIFICATE OF SERVICE

    I hereby certify that true and correct copies of the foregoing document were served on September 10, 2018 by electronic filing to all users registered to receive ECF notices in this case, and was also served via First Class U.S. Mail on the Debtor, the U.S. Trustee, and the parties listed below:

Michael Andrew McCann
P.O. Box 66
Brazoria, Texas 77422
*Debtor*

Office of the U.S. Trustee
515 Rusk Avenue, Suite 3516
Houston, Texas 77002
*U.S. Trustee*

Page **7** of **8**

Matthew Brian Probus
Wauson Probus
One Sugar Creek Ctr. Blvd., Ste. 880
Sugar Land, Texas 77478
*Counsel for Spencer Plantation Investments, Ltd.*

John David Crouch
7660 County Road 684C
Sweeny, Texas 77480

Jerry M. Russell
P.O. Box 199
Brazoria, Texas 77422

Verizon Wireless
P.O. Box 291089
Columbia, South Carolina 29229

Steve Millican
5413 Santa Marie
Fort Worth, Texas 76114

/s/ *Misty A. Segura*____
MISTY A. SEGURA

G:\WPDOCS\7064001\Pleadings\Drafts\Motion to Sell Equipment - FINAL.docx