IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ANDREW MCCANN, | § | CASE NO. 18-33152-H4-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

**ORDER APPROVING CHAPTER 7 TRUSTEE'S SALE OF EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. § 363**
[Relates to Docket No. 51]

The Court has considered the Chapter 7 Trustee's Motion for Approval of Sale of Equipment Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363. The Court finds that (i) the proposed sale is in the best interest of the estate and its creditors; (ii) adequate notice of the proposed sale and the hearing to consider the sale has been given to all creditors and parties-in-interest; and (iii) the property consisting of Equipment should be conveyed free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f). Accordingly, it is

**ORDERED THAT:**

1. The Chapter 7 Trustee's Motion for Approval of Sale of Equipment Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. § 363 is **GRANTED**.

2. The Chapter 7 Trustee is authorized to sell the equipment of the estate located on the approximately 75 acres off of FM 521 near Brazoria, Texas consisting of: bulk feeder; post hole digger; brown shredder; yellow shredder; yellow bale spear; bale mover; box blade; and one 28' flat deck trailer (VIN # 44CPG332X5TC32331; Texas License Plate # 827BRP) (the "Equipment"), to Justin Kalinowski (the "Purchaser") for a cash price of $2,550.00;

3. The Purchaser is entitled to possession of the Equipment upon entry of this Order and the payment of cash in the amount of $2,550.00 to the Chapter 7 Trustee. Purchaser shall be immediately responsible for the removal and transportation of the Equipment from its current location within ten (10) days from entry of this Order.

4. The sale of the Equipment to the Purchaser shall be made free and clear of all liens, claims, interests, and encumbrances, including any and all tax liens for 2018 and prior years. The Equipment shall be conveyed free and clear of all such liens, claims, interests, and encumbrances regardless of whether such liens, claims, interests, and encumbrances are paid or satisfied in full. All liens, claims, interests, and encumbrances shall continue in the net sales proceeds to the same extent, validity, and priority as they existed against the Equipment. Except for the foregoing, the Equipment shall be conveyed to the Purchaser "as is" with no representation or warranty of any kind.

5. Upon the consummation of the sale, all persons holding any lien, claim, interest, or encumbrance against or in the Debtor or the Equipment of any kind or nature whatsoever, including all taxing authorities, are forever barred from asserting, prosecuting, or otherwise pursuing such lien, claim, interest, or encumbrance against the Purchaser or the Equipment.

6. The Chapter 7 Trustee is authorized to execute all documents necessary to effectuate the sale of the Equipment to the Purchaser.

7. Upon the Chapter 7 Trustee's or Purchaser's request, any and all holders of any liens or encumbrances filed of public record or arising by statute, including tax liens, are ordered to execute a release of such liens and encumbrances as, but only to the extent that, they affect the Equipment. If any person or entity that has filed financing statements, liens, or other documents evidencing a lien, claim, interest or encumbrance in the Equipment shall not have delivered to the Chapter 7 Trustee prior to the closing of the sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such liens, claims, interests or encumbrances, the filing or recording of a certified copy of this Order shall constitute conclusive evidence of the release of all liens, claims, interests, or encumbrances in the Equipment.

8. The Court retains jurisdiction to the extent allowed by law to interpret and enforce the provisions of this Order and the transactions contemplated herein.

9. The Stay provided under Bankruptcy Rule 6004(h) is waived. The Trustee and the estate retain all rights under section 506(c) of the Bankruptcy Code.

SIGNED this _____ day of _____, 2018.

_____
**JEFF BOHM**
**U.S. BANKRUPTCY JUDGE**

**SUBMITTED AND ENTRY REQUESTED:**

**COKINOS | YOUNG**

By: */s/ Misty A. Segura*
CRAIG E. POWER
Federal Bar No. 3868
Bar No. 16210500
cpower@cokinoslaw.com
MISTY A. SEGURA
Federal Bar No. 30751
Bar No. 24033174
msegura@cokinoslaw.com
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500
Fax:  (713) 535-5533

**PROPOSED COUNSEL FOR CHAPTER 7 TRUSTEE,
RANDY W. WILLIAMS**