IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ANDREW McCANN, | § | CASE NO. 18-33152-H4-7 |
| | § | (Chapter 7) |
| Debtor. | § | |

**SPENCER PLANTATION INVESTMENTS, LTD.'S RESPONSE
IN OPPOSITION TO DEBTOR'S MOTION
TO CONVERT CHAPTER 7 TO CHAPTER 13 BANKRUPTCY**
[Ref. Doc. No. 54]

TO THE HONORABLE JEFF BOHM, U.S. BANKRUPTCY JUDGE:

COMES NOW, Spencer Plantation Investments, Ltd., Claimant, (the "Claimant"), and makes this its Claimant's Response in Opposition to Debtor's Motion to Convert Chapter 7 to Chapter 13 Bankruptcy, and would show as follows:

1. This Court should deny conversion of this case. Although ordinarily a debtor enjoys an absolute right of conversion from a case under Chapter 7 to one under Chapter 13, this right is not unfettered. The United States Supreme Court has held that if the Debtor's filing was in bad faith and would be subject to a conversion back to Chapter 7 for the bad faith, then the Debtor is not entitled to the right of conversion from Chapter 7. *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 374–75, 127 S.Ct. 1105, 1111 – 12 (2007); *Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647, 660 – 661 (5th Cir. 2010); *See also In re Smith,* 524 B.R. 689, 697 (Bankr. S.D. Tex. 2015) (citing *Marrama*).

2. Furthermore, this Court should deny conversion to Chapter 13 based on Debtor's failure to disclose assets he admitted in Debtor's Motion to Convert, item 2, which is evidence of his bad faith filing. Fraudulent intent may be shown by a reckless disregard for the truth. *Tow v.*

1

*Henley (In re Henley)*, 480 B.R. 708, 55 (Bankr. S.D. Tex. 2012); *See also Neary v. Cline (In re Cline)*, 09-45977-DML-7, 2010 Bankr. LEXIS 3548, 2010 WL 3944997, at *4 (Bankr. N.D. Tex. Oct. 6, 2010). The Debtor's fraudulent intent in failing to disclose assets is self-evident because of the potential financial benefit resulting from nondisclosure. *Tow v. Henley* 480 B.R. 708, 55 (Bankr. S.D. Tex. 2012); *See also Love v. Tyson*, 677 F.3d 258, 262 (5th Cir. 2012). It is the debtor's duty, not that of their creditors, to provide a full and accurate financial picture. *Tow v. Henley* 480 B.R. 708, 61 – 62 (Bankr. S.D. Tex. 2012); *See also Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 900 (7th Cir. 2002). There is no "Oops" defense to the concealment of assets and the facts established in a "bad faith" case. *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 370, 127 S.Ct. 1105, 1109 (2007).

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that this Court deny the Debtor's request for a conversion of this case to Chapter 13.

DATED:   September 11, 2018

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: ___*/s/ Matthew B. Probus*___
    **Matthew B. Probus**
    State Bar No. 16341200
    Fed. ID No. 10915

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
mbprobus@w-plaw.com

*ATTORNEYS FOR CLAIMANT,*
*SPENCER PLANTATION INVESTMENTS, LTD.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been via ECF/PACER on this the 11th day of September, 2018.

*/s/ Matthew B. Probus*
Matthew B. Probus