IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MICHAEL ANDREW McCANN, | § | CASE NO. 18-33152-H1-7 |
| | § | (Chapter 7) |
| *Debtor.* | § | |

SPENCER PLANTATION INVESTMENTS, LTD.'S RESPONSE
TO DEBTOR'S MOTION TO DECLARE
SPENCER PLANTATION'S QUITCLAIM DEED VOID
[Ref. Doc. No. 111]

TO THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY JUDGE:

COMES NOW, SPENCER PLANTATION INVESTMENTS, LTD. ("Spencer"), and makes this its Spencer Plantation Investments, Ltd.'s Response to Debtor's Motion to Declare Spencer Plantation's Quitclaim Deed Void, and would show as follows:

**I.**

**Jurisdiction and Constitutional Authority**

1. This Court has jurisdiction over matters arising in or related to a case under Title 11, pursuant to 28 U.S.C. § 1334(b). Nevertheless, Michael Andrew McCann (the "Debtor") has no standing to bring this case, so there is no jurisdiction over the matter. This is not a core matter under 28 U.S.C. § 157(b)(2). This Court does not have the constitutional authority to enter a final judgment or order in this matter. Spencer consents to the Bankruptcy Court entering a final judgment or order in this matter.

II.

**Argument**

A. **The Debtor Does Not Have Standing to Bring the Claims.**

2.  The Debtor has no standing to bring this motion seeking to void the deed. Any cause of action to void the deed is owned exclusively by the Trustee, Randy W. Williams (the "Trustee"). "The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S. Ct. 596 (1990) (citation omitted). Standing cannot be inferred from statements made in the pleadings, but must affirmatively appear in the record. *Id.* The party seeking to invoke jurisdiction bears the burden of clearly alleging facts demonstrating that he is the proper party to invoke a judicial resolution of the dispute. *Id.*

3.  Only the Chapter 7 Trustee has standing to assert claims that are property of the estate under 11 U.S.C. § 541(a). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The phrase "all legal or equitable interests of the debtor in property" must be construed broadly, and includes "rights of action" such as claims based on state or federal law. *Highland Capital Management, LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 584 (5th Cir. 2008)(citing *Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.),* 714 F.2d 1266, 1274 (5th Cir. 1983) and *Schertz-Cibolo-Universal City, Indep. School District v. Wright (In re Educators Group Health Trust),* 25 F.3d 1281, 1283 (5th Cir. 1994)). If a claim belongs to the estate, then the Trustee has exclusive standing to assert it. *In re Educators Group Health Trust,* 25 F.3d at 1284. Whether a particular state-law claim belongs to the

2

bankruptcy estate depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case. *In re Educators Group Health Trust,* 25 F.3d at 1284 (citing *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition),* 817 F.2d 1142 (5th Cir. 1987); *In re MortgageAmerica,* 714 F.2d at 1275-77). To make this determination, the court must "look to the nature of the injury for which relief is sought and consider the relationship between the debtor and the injury." *Highland Capital Management, LP*, 522 F.3d at 584 (Citing *In re E.F. Hutton Sw. Props. II, Ltd.,* 103 B.R. 808, 812 (Bankr. N.D. Tex. 1989) ("The injury characterization analysis should be considered as an inseparable component of whether an action belongs to the [estate] or [creditor]."). "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *In re Educators Group Health Trust,* 25 F.3d at 1284 (citations omitted). "Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate." *Id.*

4. In the Motion, the Debtor attacks the validity of Spencer's quitclaim deed and seeks to void that deed. The Debtor asserts that the IRS' tax sale and the resulting Quitclaim Deed were void and title should be vested in him. The Debtor's claims are ones that not only could have been asserted prior to the bankruptcy, but actually were asserted prior to bankruptcy. (See Exhibit 1). As such, the claim asserted by the Debtor in the Motion is property of the estate subject to the Trustee's sole control. The Debtor has no standing to assert the claim, and the Bankruptcy Court has no jurisdiction. The Court should deny the Motion for lack of standing.

B. **<u>Alternatively, the Debtor's Claims Are Barred by Res Judicata.</u>**

5. The relief sought in the Motion by the Debtor is barred by the doctrine of res judicata, as the issues relating to the quitclaim deed have already been determined by the Brazoria County District Court in previous litigation styled *McCann v. Spencer Plantation Invs., Ltd.*, Cause No. 79855-CV, in the 23rd District Court, Brazoria County, Texas ("Brazoria Suit I").[1] The issues were determined in the Brazoria Suit I against the Debtor. (Exhibit 1). This Court should deny the Motion.

6. When giving preclusive effect to a state court judgment, this court must apply the issue preclusion rules of that state. *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 601 (5th Cir. 1998) (citing 28 U.S.C. § 1738 and *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373, 116 S.Ct. 873 (1996)); *In re King*, 103 F.3d 17, 19 n. 2 (5th Cir. 1997). The prior state court judgment was entered in Brazoria County, Texas. Thus, this Court must apply Texas law on res judicata.

7. Under Texas law, res judicata is a general doctrine encompassing two principal categories: (1) claim preclusion, known as res judicata and (2) issue preclusion, known as collateral estoppel. *Barr v. Resolution Trust Corporation*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters, that, with the use of diligence, should have been litigated with the prior suit. *Id.; Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984). Collateral estoppel prevents relitigation of particular issues already resolved in a prior suit. *Barr*, 837 S.W.2d at 628; *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). The

---

[1] The Debtor appealed the trial court's final judgment to the Texas First Court of Appeals in Cause No. 01-16-00098-CV. The Court of appeals affirmed the judgment of the trial court. The Debtor filed a petition for review with the Texas Supreme Court which was denied. (Exhibit 1).

policies behind claim preclusion in Texas seek to "bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery." *Barr*, 837 S.W.2d at 629. The elements of res judicata are: (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *Igal v. Brightstar Info. Technology Group, Inc.*, 250 S.W.3d 78, 86 (Tex. 2008); *Barnes v. United Parcel Serv., Inc.*, 395 S.W.3d 165, 173 (Tex. App. Houston [1st Dist] 2012, pet. denied). The essential elements of collateral estoppel are: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *El Paso Natural Gas Co. v. Berryman*, 858 S.W.2d 362, 364 (Tex. 1993).

8. Both doctrines bar the relief requested by the Debtor in the Motion. Res judicata bars the Debtor's claims because there was a determination on the merits by the Brazoria County District Court, there was an identity of parties, and this Motion now raises the same claims that were raised in the Brazoria Suit I. Collateral estoppel bars the Debtor's claims as well, because the facts the Debtor seeks to litigate in his Motion were fully and fairly litigated in the Brazoria Suit I, those facts were essential to the judgment in the Brazoria Suit I, and the Debtor and Spencer were cast as adversaries in the Brazoria Suit I. This Court should deny the Motion as barred by res judicata (both claim and issue preclusion).

C. **Alternatively, The Court Should Abstain Hearing from the Motion.**

9. This Court should abstain from considering this motion under 28 U.S.C. § 1334(c)(1) and (2). In 2018, the Debtor brought yet another state court suit, styled *McCann v. Spencer*

*Plantation Investments, Ltd.*, Cause No. 96820-CV, In the 239th District Court, Brazoria County, Texas ("Brazoria Suit II"), against Spencer raising the same claims and seeking the same relief as that sought in the Motion. In the Brazoria Suit II, Spencer filed a motion seeking to have the Debtor held a "vexatious litigant" for bringing the claims regarding the deed again after having an adverse determination in the Brazoria Suit I. The trial court granted that motion holding the Debtor to be a vexatious litigant. The Debtor appealed the vexatious litigant order, and the Texas Fourteenth Court of Appeals dismissed the appeal, because the order was not a final, appealable order. (Exhibit 2). The Brazoria Suit II is still open and pending in Brazoria State District Court and can be timely adjudicated. Thus, mandatory abstention under 28 U.S.C. § 1334(c)(2) applies, and this Court must abstain from hearing this matter. Alternatively, the Court should exercise permissive abstention under 28 U.S.C. § 1334(c)(1), because the claims in the Motion involve purely state law claims and the Brazoria Suit II is an available state forum for determination of the claims.

    **D. <u>An Action to Void a Deed Must Be Brought In An Adversary Proceeding.</u>**

  10. Finally, the Court, even if it were to hear the matter, it cannot do so by motion. A claim to void a deed is a claim that must be brought in an adversary proceeding. Fed. R. Bankr. P. 7002(1), (2) and (9). This Court should deny the Debtor's Motion.

**III.**
**<u>Admissions/Denials to Specific Allegations in Motion</u>**

  11. Spencer denies the allegations contained in paragraph number 1 of the Motion to Declare Spencer Plantation's Quitclaim Deed Void (the "Motion").

  12. Spencer admits the allegations contained in paragraph number 2 of the Motion.

  13. Spencer admits the allegations contained in paragraph number 3 of the Motion.

14. The IRS sold the 75 acres of real property to Spencer and executed a quitclaim deed to Spencer conveying the property. Spencer denies the remaining allegations contained in paragraph number 4 of the Motion.

15. Spencer admits that the Debtor filed bankruptcy cases 14-31348 and 14-80094 and that Judge Bohm transferred Case No. 14-31348 to the Galveston Division and assigned to Judge Paul under Case No. 14-80094. Spencer has insufficient knowledge to admit or deny the remaining allegations contained in paragraph number 5 of the Motion.

16. Spencer admits the allegations contained in paragraph number 6 of the Motion.

17. Spencer admits the allegations contained in paragraph number 7 of the Motion.

18. Spencer denies the allegations contained in paragraph number 8 of the Motion.

19. Spencer admits the allegation contained in paragraph number 9 of the Motion that on March 10, 2014, Judge Bohn signed an order transferring Case No. 14-31348 to the Galveston Division and assigning the case to Judge Paul. Spencer denies any remaining allegations contained in paragraph number 9 of the Motion.

20. Spencer admits the allegation contained in paragraph number 10 of the Motion that on March 11, 2014, Judge Paul signed an order granting the United States of America's Emergency Motion to Confirm that the Automatic Stay is Not in Effect Under 11 U.S.C. § 362(c)(4)(A)(ii). Spencer denies any remaining allegations contained in paragraph number 9 of the Motion.

21. Spencer denies the allegations contained in paragraph number 11 of the Motion.

22. Spencer has insufficient knowledge to admit or deny the allegations contained in paragraph number 12 of the Motion.

23. Spencer has insufficient knowledge to admit or deny the allegations contained in paragraph number 13 of the Motion.

24. Spencer has insufficient knowledge to admit or deny the allegations contained in paragraph number 14 of the Motion.

25. Spencer has insufficient knowledge to admit or deny the allegations contained in paragraph number 15 of the Motion.

26. Spencer denies the allegations contained in paragraph number 16 of the Motion.

27. Spencer denies the allegations contained in paragraph number 17 of the Motion.

28. Spencer has insufficient knowledge to admit or deny the allegations contained in paragraph number 18 of the Motion.

29. Spencer has insufficient knowledge to admit or deny the allegations contained in paragraph number 19 of the Motion.

30. Spencer denies the allegations contained in paragraph number 20 of the Motion.

31. Spencer admits the allegations contained in paragraph number 21 of the Motion.

32. Spencer denies the allegations contained in paragraph number 22 of the Motion.

33. Spencer denies the allegations contained in paragraph number 23 of the Motion.

34. Spencer denies the allegations contained in paragraph number 24 of the Motion.

35. Spencer denies the allegations contained in paragraph number 25 of the Motion.

36. Spencer denies the allegations contained in paragraph number 26 of the Motion.

37. Spencer denies the allegations contained in paragraph number 27 of the Motion.

38. Spencer denies the allegations contained in paragraph number 28 of the Motion.

39. Spencer admits the allegation contained in paragraph number 29 of the Motion that Spencer received a deed to the property from the United States of America dated October 21,

2014. Spencer denies the remaining allegations contained in paragraph number 29 of the Motion.

40. Spencer denies the allegations contained in paragraph number 30 of the Motion.

41. Spencer admits the allegation contained in paragraph number 31 of the Motion.

42. Spencer has insufficient information from which to admit or deny the allegations contained in paragraph number 32 of the Motion.

43. Spencer admits the allegation contained in paragraph number 33 of the Motion that it stands behind the validity of the quitclaim deed to the property it received from the United States of America, but denies any remaining allegations contained in paragraph number 33 of the Motion.

44. Spencer denies the allegations contained in paragraph number 34 of the Motion.

45. Spencer denies the allegations contained in paragraph number 35 of the Motion.

46. Spencer denies the allegations contained in paragraph number 36 of the Motion.

47. Spencer has insufficient information from which to admit or deny the allegations contained in paragraph number 37 of the Motion.

48. Spencer has insufficient information from which to admit or deny the allegations contained in paragraph number 38 of the Motion.

49. Spencer denies the allegations contained in paragraph number 39 of the Motion.

50. Spencer denies the allegations contained in paragraph number 40 of the Motion.

51. Spencer denies the allegations contained in paragraph number 41 of the Motion.

52. Spencer can neither admit nor deny the statements made in paragraph number 42 as it is a request for relief and not a factual or legal allegation.

WHEREFORE, PREMISES CONSIDERED, Spencer Plantation Investments, Ltd. respectfully requests that this Court deny the Debtor's Motion to Declare Spencer Plantation's Quitclaim Deed Void.

DATED: November 14, 2018

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: */s/ Matthew B. Probus*
 **Matthew B. Probus**
 State Bar No. 16341200
 Fed. ID No. 10915

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
mbprobus@w-plaw.com

*ATTORNEYS FOR CLAIMANT,*
*SPENCER PLANTATION INVESTMENTS, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the Debtor via ECF/PACER and via United States regular mail, first class postage prepaid at P.O. Box 66, Brazoria, Texas 77422 on this the 14th day of November, 2018

*/s/ Matthew B. Probus*
Matthew B. Probus